COPY

U. S. DISTRICT COURT
N. D. OF N. Y.
FILED

JAN 30 1990

AT _____ L.
J. L. BAILY, Clerk
SYRA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

------------------------------------

MURAD HASAN BEYAH,

        Plaintiff,

    vs.

JOHN LAIDLAW, et al.,

        Defendants.

------------------------------------

Civil No. 88-CV-1053

(Hon. Neal P. McCurn)

APPEARANCE:                OF COUNSEL:

MURAD HASAN BEYAH
86-C-0284
Plaintiff, Pro Se
Great Meadow Correctional Facility
P.O. Box 51
Comstock, New York  12821

C. FRANK HARRIGAN, ESQ.      MAURIE G. HEINS, ESQ.
Corporation Counsel
301 City Hall
Syracuse, New York  13202

JON A. GERBER, ESQ.         SUZAN L. ANDERSON, ESQ.
County Attorney
421 Montgomery Street
Syracuse, New York  13202

RALPH W. SMITH, JR.
United States Magistrate

## REPORT-RECOMMENDATION

    This civil rights action was referred to the undersigned for report and recommendation by the Honorable Neal P. McCurn by Standing Order dated August 2, 1985.

    In an extremely lengthy complaint against a number of defendants, plaintiff claims violations of various rights and the

existence of a conspiracy by the defendants from July 14, 1985, through March 13, 1986. He alleges that the actions by the defendants from the date of his arrest on July 14, 1985, until the date of his sentence to a term of 8 1/3 to 25 years on March 13, 1986, violated most if not all of his constitutional rights. He challenges everything from the legality of his arrest to the actions of county agencies, various assigned defense attorneys and prosecutors (County defendants), the City of Syracuse, its police department and individual police officers (City defendants), and judges although he did not name any of the last as defendants.

Answers were filed by all defendants and the parties have engaged in some discovery proceedings. Currently before the Court are various motions which will be treated seriatim.

The County defendants move for summary judgment on several grounds. They first argue that this action is barred by the three-year statute of limitations applicable to actions filed pursuant to 42 U.S.C. § 1983. While it is true that the three-year statute applies, <u>Okure v. Owens</u>, 816 F.2d 45 (2d Cir. 1987), here plaintiff's complaint was first received in the office of the clerk on June 27, 1988, as shown by a receipt stamp. It was apparently returned to him for the furnishing of additional information relating to his application to proceed in forma pauperis and was ultimately filed upon his payment of a partial filing fee on October 11, 1988. The submission date of the complaint is the date which determined the effect of the statute

of limitations. Salahuddin v. Harris, 656 F. Supp. 369, 374 (S.D.N.Y. 1987); Allah v. Commissioner, Department of Correctional Services, 448 F. Supp. 1123, 1127 (N.D.N.Y. 1978). Thus, plaintiff's claims will be time barred if based on conduct which occurred prior to June 27, 1985. As noted above, the conduct of which plaintiff complains occurred between July 14, 1985 and March 13, 1986. Thus, plaintiff's action is not barred by the statute of limitations.

The County defendants then argue that neither the Sheriff's Department nor the District Attorney's office is a legal entity capable of being sued. I cannot agree with this contention and find that they are in fact persons and thus subject to liability. See Monell v. Department of Social Services, 436 U.S. 658, 659 (1978); Campo v. N.Y.C. Employees' Retirement System, 843 F.2d 96, 99 (2d Cir. 1988). Neither agency is, however, liable for actions of individual employees solely by virtue of the doctrine of respondeat superior. Polk County v. Dodson, 454 U.S. 312, 325 (1981). This is also true as to the County of Onondaga.

They further argue that the County of Onondaga is not liable for any acts by attorneys assigned to plaintiff's defense inasmuch as the County does not have a public defender system. Defendants are correct in this contention, there being no possible liability for acts of persons not employed by them. More importantly, neither attorney Summers nor attorney Mooney was served with process. In any event such assigned counsel do not act under color of state law. Polk County v. Dodson, 454

Case 1:00-cv-00001-SJM    Document 00    Filed 00/00/00    Page 4 of 9

4

U.S. 312, 325 (1981); Housand v. Heiman, 594 F.2d 923, 925 (2d Cir. 1979).

The County defendants also argue that there can be no liability on the part of the District Attorney's Office and Assistant District Attorneys Laidlaw, Berry, Mullen and Sztechmiller inasmuch as there is no provable cause of action for malicious prosecution. Even were this not true, as prosecutors acting within the scope of their prosecutorial function, these defendants are absolutely immune from liability for their acts. Imbler v. Pachtman, 424 U.S. 409, 430 (1976). This is so unless they are in some way implicated in a conspiracy with others, which I find is not the case.

Plaintiff sprinkles his complaint with assorted claims of conspiracy, but fails to be specific in his claims. Moreover, taken together these claims do not show any agreement to commit an improper act. In reviewing such a conspiracy claim, the complaint must be examined for specific allegations, general conclusory claims being insufficient. The Second Circuit has held that a "complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss." Sommer v. Dixon, 709 F.2d 173, 175 (2d Cir. 1983), cert. denied, 464 U.S. 857 (1983). Rather, detailed fact pleading is required, Angola v. Civiletti, 666 F.2d 1, 4 (2d Cir. 1981) and allegations of conspiracy must be based upon evidence tending to show an agreement to commit the improper act. Arsenaux v. Roberts, 726

F.2d 1022, 1023-24 (5th Cir. 1982). Plaintiff has not met this burden.

I therefore find that defendants Laidlaw, Berry, Mullen and Sztechmiller as well as the District Attorney's office are entitled to summary judgment, there being no showing that they acted outside of the scope of their prosecutorial function such as to defeat their absolute immunity nor that they were in any way part of any conspiracy.

As to the County of Onondaga and the Onondaga County Sheriff's Department, I have carefully examined plaintiff's complaint and find no allegations of wrongdoing on the part of either defendant. The Sheriff's Department apparently did nothing but retain custody of the plaintiff between court appearances as it is obliged to do until otherwise ordered by the courts. Likewise, since no individual defendant employed by the County has been shown to be liable to the plaintiff, quite clearly the County as an entity is similarly entitled to summary judgment.

There is a motion before the Court by the plaintiff to compel the defendant Onondaga County to respond to his first set of interrogatories. In response, by letter of August 14, 1988, counsel for the County defendants argues that these questions are objectionable for a variety of reasons. These include the fact that certain questions cannot be answered by the County since they do not relate to County functions and also that others are burdensome and irrelevant. Having carefully reviewed these

Case 9:89-cv-01063-TJM Document 82 Filed 03/26/92 Page 6 of 9

questions, I agree with the County's position.  If my
recommendation that summary judgment be granted to all County
defendants is adopted, this motion for a protective order will be
moot.  If that recommendation is not adopted, I recommend that
the County of Onondaga's motion for a protective order be granted
and the County excused from answering that first set of
interrogatories.

There is also a motion before the Court by the City
defendants to file an amended answer including the defense of
statute of limitations.  In view of the aforementioned discussion
concerning limitations, I find that this defense is unavailing.
To permit this amendment would merely lead to a successful motion
to strike.  The motion to amend the answer should thus be denied.

Plaintiff moves to supplement his complaint to include as
defendants, the Legal Aid attorneys assigned to prosecute his
direct appeal, court reporters, the county clerk's office, and
the county court judge who presided over his trial, implicating
them in the conspiracy to which he alludes in his original
complaint.  They are accused of failing to provide records,
altering records, failing to prepare adequate briefs and
otherwise violating his constitutional rights.  The conduct in
the proposed supplemental complaint commences on or about October
1, 1986, when plaintiff mailed letters to the Legal Aid attorneys
and continued until sometime in February 1989.  There has been no
response to this motion by any of the defendants.

As noted above, I failed to find any valid claim of

Case 5:10-cr-01050-FJS   Document 10   Filed 08/09/10   Page 7 of 9

conspiracy in the original complaint. This is also true as to
the proposed supplemental complaint. Plaintiff has shown no
evidence tending to show an agreement to commit an improper act.
Arsenaux v. Roberts, 726 F.2d 1022, 1023-24 (5th Cir. 1982).
Moreover, in view of my recommendation that summary judgment be
entered for all defendants, there is no longer a complaint which
can be supplemented. Plaintiff would, of course, be free to
commence a new action based on the conduct of the proposed new
defendants on or after October 1, 1986.

While there has been no motion by the City defendants to
dismiss this complaint or for summary judgment, it is always
"incumbent upon the court to develop the case and to sift the
claims and known facts throughly until completely satisfied
either of its merit or lack of same". Anderson v. Coughlin, 700
F.2d 37, 41 (2d Cir. 1982). Such a complaint should not be
dismissed for failure to state a claim "unless it appears beyond
doubt that the plaintiff can prove no such set of facts in
support of his claim which would entitle him to relief." Conley
v. Gibson, 355 U.S. 41, 45-46 (1957). In this case, the record
contains nothing beyond the allegations in plaintiff's complaint
concerning the City defendants. Defendant Duvol, a City of
Syracuse police officer, is said by the plaintiff to have
participated in his arrest (complaint, paragraph 2), later
interrogated him concerning a sexual crime committed on Tawanna
Riker (complaint, paragraph 3), and testified in court concerning
the circumstances of that arrest (complaint, paragraph 41).

Defendant McLaughlin and defendant Erwin, also City of Syracuse police officers, testified as to their interviews with Tawanna Riker and their investigation of the crime scene (complaint, paragraph 39, 40). Nothing these officers are alleged to have done could be seen as a violation of plaintiff's rights and they are not in any way shown to have been part of any conspiracy. In my view, therefore, I am satisfied of the total lack of merit of plaintiff's complaint against these officers and the City of Syracuse, their employer, and thus recommend that this complaint be dismissed as frivolous pursuant to 28 U.S.C. § 1915(d). Anderson, 700 F.2d at 40.

WHEREFORE, based on the above findings, it is

RECOMMENDED, that the motion by the County defendants be granted, and it is further

RECOMMENDED, that the motion by the City defendants to file an amended answer be denied, and it is further

RECOMMENDED, that the complaint be dismissed against the City defendants pursuant to 28 U.S.C. § 1915(d), and it is further

RECOMMENDED, that the motion to compel Onondaga County to respond to interrogatories be denied, and it is further

RECOMMENDED, that the motion by plaintiff to supplement his complaint be denied.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days in which to lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court with

Case 5:05-cv-91995-TJM   Document 6-2   Filed 01/99/97   Page 4 of 9

9

an extra copy to be mailed to the chambers of the undersigned at
P. O. Box 1818, Albany, New York 12201-1818.  FAILURE TO OBJECT
TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.
<u>Small v. Secretary of Health and Human Services</u>, 89-6031 (2d Cir.
Dec. 14, 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a),
6(e).

DATED:   January 2-3 , 1990
         Albany, New York

_____
United States Magistrate